# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dequarn Markeyth Bell, | Civ. No. 23-3881 (JWB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Lisa Stenseth, *Warden Rush City Correctional Facility, Minnesota*, | |
| Respondent. | |

Zachary A. Longsdorf, Esq., Longsdorf Law Firm, PLC, counsel for Petitioner.

Adam E. Petras, Esq., Hennepin County Attorney's Office; and Edwin William Stockmeyer, III, Esq., and Thomas R. Ragatz, Esq., Office of the Minnesota Attorney General, counsel for Respondent.

Petitioner Dequarn Markeyth Bell filed a habeas petition asserting ineffective assistance of trial counsel, arguing that his trial counsel and the state district court misinformed him about the consequences of his guilty plea. He asserts that accepting his guilty plea as valid violates his due process rights, and thus that the state court's and Minnesota Court of Appeal's decisions upholding the plea are contrary to clearly established federal law.

United States Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") on July 29, 2024, recommending the petition be denied. (Doc. No. 10.) Bell timely filed an objection. (Doc. No. 11.)

The portions of the R&R to which Bell objects are reviewed de novo and the recommendations made by the Magistrate Judge may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of the R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Bell first objects to the factual determinations the state court made when it denied his motion to withdraw his guilty plea. He challenges the findings that his counsel's testimony was credible, and Bell's testimony was less credible. He also challenges the findings that Bell was induced to enter a plea by hearing the victim's testimony and realizing the risk of a life sentence without parole, and that Bell was not misinformed about the consequences of his guilty plea (meaning he knew he was agreeing to a life sentence with a possibility of parole to be determined after a 30-year minimum sentence).

Bell argues these factual findings are unreasonable, pointing to statements made to him during the plea process and his expressed concerns with serving a sentence longer than 30 years. He claims he was induced to plead guilty based on misinformation, believing he would be released after the 30-year minimum sentence. But the state court, after an evidentiary hearing on Bell's motion to withdraw the guilty plea, considered his claim of being misinformed of the consequences of the guilty plea, assessed the credibility of Bell and his counsel, and ultimately concluded that Bell was not misinformed about the plea's consequences.

In federal habeas proceedings, state court factual determinations are presumed correct when reviewing a state court decision. *Lee v. Gammon*, 222 F.3d 441, 442 (8th

2

Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). To rebut this presumption, a petitioner must present clear and convincing evidence that the factual findings are erroneous. *Parker v. Parratt*, 662 F.2d 479, 482 (8th Cir. 1981).

Bell claims he was induced to plead guilty by misinformation. He cites statements from himself and his attorney suggesting that Bell sought assurance that he would not serve more than 30 years, as well as statements made by the state district court that he contends implied that he would be paroled after 30 years. These statements alone are not enough to establish that the state court's conclusions were unreasonable. *See Erwin v. Bowersox*, 892 F.3d 979, 985 (8th Cir. 2018) (stating that "the existence of some contrary evidence in the record does not suffice to show that the state court's factual determination was unreasonable"). Bell requested a plea offer immediately after the victim testified at trial, and both his attorney and the court made clear that the plea agreement only provided a possibility of parole after 30 years—not a guarantee. The state court specifically emphasized:

> . . . I just want to make sure you understand that, as a consequence, the effect of this is that this Court, at sentencing, will sentence you to life in prison with eligibility for supervised release, as determined by the Commissioner of Corrections based on your correctional record, in 30 years. Do you understand that?

(Doc. No. 8-2 at 484.) Bell responded: "Yes." (*Id.*)

Bell's counsel also testified that while Bell wanted assurance of release after 30 years, she informed him, "I could not promise parole because I was not the Department of Corrections" (Doc. No. 8-2 at 505), and that it was not in the trial judge's

3

"power to grant parole or promise parole, that parole meant parole would be decided by the prison staff." (Doc. No. 8-2 at 506–07.)

The record supports the conclusion that Bell sought and accepted the plea because of the victim's compelling testimony in the trial and the risk it created of Bell receiving a life sentence without the possibility of parole. The record also demonstrates that Bell understood his risk and was repeatedly advised by his counsel and the court that no guarantee of parole could be made.

After reviewing all the information available to Bell before his plea and deferring to the state court's factual and credibility determinations, Bell has not shown by clear and convincing evidence that the state court's findings were erroneous.

Bell also objects to the state court's denial of his motion to withdraw his plea and the appellate court's affirmance, which concluded that any discussion about future parole constituted a collateral consequence of the plea. Bell argues that the validity of his plea hinges on whether misinformation induced it, rather than whether the misinformation related to a collateral consequence. Bell also objects based on not being informed of all the factors the Commissioner considers when determining parole eligibility.

As stated above, the record supports the state court's finding that Bell was not induced to plea because of the state court judge's examples of parole considerations. Instead, Bell chose to plead guilty because of the strong victim testimony at trial and the significant risk of a life sentence without parole if convicted. Without evidence of inducement by misinformation, Bell's reliance on the cases he cites—which the

Magistrate Judge fully addressed and distinguished in the Report and Recommendation—is not persuasive.

Moreover, both the state court and Bell's counsel advised him that his plea would be for an indeterminate sentence with a 30-year minimum, and that release depended on a discretionary decision by the Commissioner. The details of everything the Commissioner considers when making parole decisions need not be discussed before a plea is accepted. *Hill v. Lockhart*, 731 F.2d 568, 570 (8th Cir. 1984) ("The details of parole eligibility are considered collateral rather than direct consequences of a plea, of which a defendant need not be informed before pleading guilty."). Bell's second objection is therefore overruled.

Bell's final objection is to the Magistrate Judge's recommendation to deny a certificate of appealability. A certificate of appealability may be granted only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show that a reasonable jurist could find the district court's assessment debatable or incorrect. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, it is unlikely that any other court would decide Bell's petition differently.

Based on a review of the submissions, considering the applicable law, and for the reasons stated, the Report and Recommendation is accepted and Bell's objections are overruled.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 11) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 10) is **ACCEPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

4. Petitioner's request for an evidentiary hearing is **DENIED**;

5. Petitioner's request for a certificate of appealability is **DENIED**;

6. This case is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: November 20, 2024  *s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge